UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 12-3071 |
| ) | |
| BETTY J. RENFROW f/k/a ) | |
| BETTY J. MILLER and ) | |
| CITIFINANCIAL MORTGAGE ) | |
| COMPANY, INC. formerly known ) | |
| as ASSOCIATES HOME EQUITY ) | |
| SERVICES, INC. ) | |
| ) | |
| Defendants. ) | |

### OPINION CONFIRMING SALE

The U.S. Marshal has been appointed by the Court to sell property at issue in this case. The U.S. Marshal reports that the property has been sold in accordance with terms previously set forth by the Court. The Court, having reviewed the relevant materials, finds as follows:

1. The common address and legal description of the real estate at issue:

      203 W. Adams, Atlanta, Illinois 61723

      Lot 6 in Young and Ford's Subdivision to the City of Atlanta, Logan County, Illinois

      PIN No. 54 05 660 006 00

2.    A notice required in accordance with 735 ILCS 5/15-1507(c)(2)(B) and 28 U.S.C. § 2002 was given;

3.    The terms of sale were fair and not unconscionable;

4.    The sale was conducted fairly and without fraud;

5.    Justice was done by the sale;

6.    All redemption and reinstatement periods have expired without redemption or reinstatement having been made; and

7.    This Court obtained personal jurisdiction over the defendant Betty J. Renfrow f/k/a Betty J. Miller who is personally liable to Plaintiff for the deficiency from the sale.

IT IS THEREFORE ORDERED:

A.    The U.S. Marshal's report of the sale is approved and the sale is confirmed;

B.    A deficiency judgment be and the same is hereby entered in favor of plaintiff, UNITED STATES OF AMERICA, ACTING THROUGH RURAL DEVELOPMENT, and against defendant, Betty J. Renfrow f/k/a Betty J. Miller, in personam, in the amount of $19,848.45, and that execution may issue in accordance with the law.

C. The U.S. Marshal is directed to issue a deed to the holder of the certificate of purchase, sufficient to convey title pursuant to 735 ILCS 5/15-1509(a).

D. The holder of the certificate of sale or deed issued pursuant to the Certificate shall be entitled to possession of the above-described real estate on the 31st day after entry of this opinion.

E. The mortgagor (homeowner) has the right to possess the foreclosed premises for 30 days after entry of an order of possession in accordance with Section 15-1701(c) of the Illinois Mortgage Foreclosure Law.

  (1) On the 31st day after entry of this order, the defendant mortgagor and all persons claiming through the defendant mortgagor shall have removed themselves and their belongings and property from this mortgaged real estate and shall peaceably surrender possession of said property to the purchaser of this property or the assignee of said purchaser.

  (2) If any persons referenced in the above subparagraph remain on said premises on or after the 31st day following the approval of the judicial sale of this mortgaged real estate, the United States Marshal, without further court order, is hereby directed and ordered as soon as practicable thereafter to use any and all necessary reasonable force to enter the above-described mortgaged premises, including any outbuildings and vehicles located thereon, and to remove all occupants located thereon, who are present on the premises and who refuse to vacate immediately and voluntarily at the United States Marshal's direction;

in addition, any and all personal property left on the mortgaged premises by the defendant mortgagor and/or any and all other persons having left said property, is hereby declared forfeited to the United States. If the United States Marshal determines that the above-described personal property to be without value or of *de minimus* value that would neither exceed nor equal the costs of notice, storage and sale, the United States Marshal may leave the personal property, at his discretion, on the premises for the purchaser of this real estate to claim, or dispose of, at will.

Upon taking possession and custody of the premises, and removing all occupants who are unauthorized to remain on the premises, the United States Marshal is then hereby directed to remit possession and custody of the premises to the purchaser of said property at the sale judicially approved by this Court.

F.   There is no just reason to delay enforcement of or appeal from this final order.

ENTER: January 10, 2013

FOR THE COURT:


                              s/Sue E. Myerscough
                             SUE E. MYERSCOUGH
             UNITED STATES DISTRICT JUDGE